**REEDER et al. v. TOSH.**

No. 10240.

United States Court of Appeals
Seventh Circuit.

Jan. 24, 1951.

Charles E. Combe, Loren E. Lewis, De Witt Twente, Harrisburg, Ill., for appellant.

Stanford S. Meyer, East St. Louis, Ill., and Meyer & Meyer, East St. Louis, Ill. (Michael G. Godfrey, Robert J. Saunders, both of East St. Louis, Ill., of counsel), for appellees.

Before MAJOR, Chief Judge, KERNER and FINNEGAN, Circuit Judges.

PER CURIAM.

On April 6, 1948, plaintiffs-appellees filed their complaint in law containing fourteen counts in the Circuit Court of Saline County, Illinois, for personal injuries and property damage arising out of a collision on October 2, 1947 between two automobiles about one mile east of Equality, Illinois. Plaintiffs, Rudolph Reeder, sued in his own behalf and as administrator of the estate of Mary Marie Reeder, his wife, who died as a result of said collision, and Clifford Hafford sued in his own behalf and as next friend of Robert C. Hafford, his son, a minor at the time of the collision.

A petition for the removal of the cause of action was filed March 15, 1949, and the case was removed to the United States District Court for the Eastern District of Illinois. An answer and counterclaim were filed by the defendant and the cause was tried before a jury. The jury by its verdict found the defendant guilty and assessed the damages as follows: Rudolph Reeder, $860; Rudolph Reeder, as administrator of the estate of Mary

Marie Reeder, $6,000; Alfred D. Pulliam, $20; Wanita N. Pulliam, $56.50; Clifford Hafford, $161; Blanche B. Hafford, $750; Robert C. Hafford by Clifford Hafford, his father and next friend, $100.

On the counterclaim the jury found that Rudolph Reeder was not guilty of the negligence charged therein. The jury also found that neither Denver Tosh nor Rudolph Reeder were guilty of wilful and wanton conduct in the operation of their automobiles.

Plaintiffs were riding in a 1939 Hudson automobile, driven by Rudolph Reeder, in an easterly direction on route 13, about a mile east of Equality, Illinois, in the early morning of the day of the collision. Denver Tosh, defendant, with Woodrow W. Carner and two girls were riding in a 1934 Ford coupe, driven by defendant Tosh in a westerly direction and approaching the automobile driven by plaintiff.

The evidence presented to the jury was highly conflicting. Motions for directed verdicts at the close of the plaintiffs' case, and also at the close of all the evidence, as well as motions for judgment *non obstante,* or in the alternative, for a new trial, were made by the defendant, and overruled by the court.

▮ On this appeal no question is raised as to the admission or rejection of evidence; no objection is made as to the instructions given the jury by the Trial Court, and no claim of error as to any ruling during the trial is advanced. Appellant's arguments are all directed to an attack on the credibility of the witnesses and on the weight to be given the evidence on behalf of appellees. It is the function of the jury to pass upon the credibility of the witnesses and the weight to be given their testimony. We cannot say, in the face of this record, that the jury's verdict is palpably and clearly against the weight of the evidence. Adams v. Cleveland, C. C. & St. L. R. R. Co., 243 Ill. 191, 90 N.E. 382, and Chapman v. Deep Rock Oil Corp., 1947, 333 Ill.App. 529, 77 N.E.2d 883.

The judgment of the District Court is affirmed.